

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2006

# Jerrytone v. Musto

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4145

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jerrytone v. Musto" (2006). *2006 Decisions.* Paper 1731.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1731

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4145
_____

LEONARD JOSEPH JERRYTONE,

Appellant

v.

BIAGGIO MUSTO; RON MUSTO, JR.; SANDRA OSTROWSKI;
THOMAS BELL; KELLY MIKLUSCAK; MICHELE MIKLUSCAK;
HARRY O'NEILL; TAMMY ANN TUCKER; MARK KREBS;
WALTER GLOGOWSKI; EDWARD J. WALSH; GARY SWOREN;
MICHAEL VOGUH; ERNEST ASHBRIDGE; LUZERNE
INTERMEDIATE BOARD OF SCHOOL DIRECTORS, Individually;
ART PUPA; BRIAN DUNN; RANDY TOMASACCI; LUZERNE
INTERMEDIATE UNIT NO. 18; MODERNO ROSSI; BARBARA M.
YOUNGBLOOD; JACK SHEMA; ROBERT J. PARRY, III;
JOHN WILLIAMS; PETER HALESEY; WILLIAM BALCHUNE;
MICHAEL OSTROWSKI, Individually and as the
Executive Director of Luzerne Intermediate Unit 18
_____

Appeal from the United States District Court
For the Middle District of Pennsylvania
Civ. No.: 3:01-CV-1861
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a) January 13, 2005

Before: ROTH, FUENTES, and ROSENN, Circuit Judges.

(Filed:   January 23, 2006)
_____

1

_____

ROSENN, Circuit Judge.

Leonard Jerrytone appeals an order of the United States District Court for the Middle District of Pennsylvania granting summary judgment to multiple defendants on Jerrytone's claims under 42 U.S.C. § 1983 for violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution. Jerrytone also appeals the District Court's decision to decline supplemental jurisdiction over related state law claims.

Jerrytone was a public schoolteacher in Luzerne County until disciplinary action was taken against him in March of 2000 pursuant to allegations that he had allowed students to smoke marijuana in the classroom and behaved inappropriately with female students. He resigned in September of 2001 and brought this action against the school district, various employees of the school district, and law enforcement personnel involved in the investigation and bringing of criminal charges against him.

The District Court granted summary judgment to all of the defendants on the § 1983 claims and declined to exercise supplemental jurisdiction over the state law claims by order dated September 30, 2004. Jerrytone argues that the District Court erred in granting summary judgment on the § 1983 claims because the investigation of him was based on "rumors and innuendos" generated pursuant to a coordinated effort by the individual defendants that resulted in false criminal charges and constructive discharge.

He further argues that the District Court erred in dismissing his meritorious state law claims.

We disagree. The District Court did not err in granting summary judgment to the defendants on the § 1983 claims because Jerrytone has not produced sufficient evidence from which any reasonable jury could find that any of the defendants violated Jerrytone's constitutional rights. Furthermore, the District Court did not err in dismissing without prejudice Jerrytone's related state law tort claims because in a case in which the District Court dismisses all of the federal claims over which it has original jurisdiction before trial, it should also dismiss the state law claims. See 28 U.S.C. § 1396(c); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

The District Court had jurisdiction over the § 1983 claims under 28 U.S.C. § 1331, and over the related state-law claims under 28 U.S.C. § 1367(a). In its order of September 30, 2004, the District Court granted summary judgment to the defendants on Jerrytone's § 1983 claims and dismissed the state law claims without prejudice. We have jurisdiction over final judgments of the District Courts pursuant to 28 U.S.C. § 1291.

I.

From 1986 until September 25, 2001, Plaintiff-Appellant Leonard Jerrytone was an employee at the Luzerne Intermediate Unit 18 ("LIU") Alternative Learning Center ("ALC") in Plains, Pennsylvania. He was also a member of the Pennsylvania State Education Association ("PSEA") Union, which represents the teachers at ALC. As of March, 2000, Jerrytone was a teacher at the ALC. On March 3, 2000, Tammy Tucker,

3

Jerrytone's teaching assistant, reported to Biagio Musto, the Educational Consultant to ALC, and Sandra Ostrowski, ALC's secretary, that she had observed students smoking marijuana and using paper towels to inhale fumes from disinfectant fluid in Jerrytone's classroom.

The next day, these allegations were reported to the Luzerne County District Attorney's office and the Plains Police Department. After meeting with school officials, Detective Lieutenant Gary Sworen of the Luzerne County District Attorney's office and Edward Walsh, Chief of Police of the Plains Police Department, proceeded to interview Tucker and several students who had purportedly witnessed students smoking marijuana in Jerrytone's classroom on prior occasions, behavior which he appeared to condone. Detective Sworen also discovered that there were paper towels and aerosol disinfectant available in Jerrytone's classroom, supporting Tucker's claim that she had seen students using the paper towels to inhale the fumes from the disinfectant. A custodian also stated that the wastebaskets in Jerrytone's classroom were often full of paper towels and that the amount of paper towels available in Jerrytone's classroom was excessive compared to other classrooms. The custodian claimed that he had smelled marijuana in Jerrytone's classroom on previous occasions.

During Detective Sworen's investigation, a fifteen-year-old student of Jerrytone's told him that Jerrytone had made inappropriate sexual comments to her and other female students, complimenting their figures and telling them he would like to see them "when they got older," and even giving the student a lingerie catalog and telling her that she

4

would look good in some of the items. The student also claimed that Jerrytone had followed her around outside of the school. Detective Sworen observed the slogan: "Don't be educated; be sedated; stay out of school; go get drugs," written on the classroom wall and saw numerous aerosol cans and paper towels strewn around the classroom.

As a result of this investigation, Jerrytone was suspended with pay the following Monday, March 6, 2000. Approximately six weeks later, the District Attorney's office indicted him for endangering the welfare of children, corruption of minors, harassment, and stalking. After he was indicted, Jerrytone was suspended without pay on May 1, 2000, and the criminal charges were reported to the Pennsylvania Department of Education. Jerrytone was also informed that a hearing before the school board regarding his case had been scheduled for May 18, 2000. By letter dated May 6, 2000, Jerrytone, through his attorney, informed the Board that he was exercising his right to a hearing before the school board. He requested a stay of the proceedings pending the outcome of his criminal case. Jerrytone also pursued a grievance against the school board through his union, PSEA, which he also requested be stayed pending the outcome of his criminal case.

On January 17, 2001, Jerrytone was found not guilty of all charges after a jury trial in the Luzerne County Court of Common Pleas. After his criminal trial, Jerrytone attempted to restart the grievance procedure with the Union, but because he had elected a hearing before the school board, the grievance procedure under the collective bargaining agreement was no longer available. Accordingly, a hearing before the school board was

5

scheduled for September 25, 2001.

On September 25, 2001, Jerrytone filed this case in the United States District Court for the Middle District of Pennsylvania against the LIU Board of Directors, LIU, several employees of ALC and LIU, and law enforcement personnel involved in investigating and prosecuting the charges against him, asserting violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments under § 1983, and related state law claims. He also filed a motion seeking a temporary restraining order and an injunction to stop the school board meeting. Judge Caputo denied the motion for the injunction that day, and the hearing began as scheduled. Jerrytone did not attend, but instead submitted a letter of resignation through his counsel.

In his complaint, Jerrytone claimed that his due process rights were violated by (1) the failure to grant him a hearing before he was placed on paid leave, (2) the failure to grant him a hearing before he was suspended without pay, (3) the failure to provide him with a prompt post-suspension hearing, (4) the failure to hold an impartial post-suspension hearing, and (5) constructively discharging him by coercing his letter of resignation. He also alleged that defendant Michael Vough, the Assistant District Attorney for Luzerne County, had defamed him in violation of § 1983. Jerrytone brought related state law claims alleging intentional infliction of emotional distress, false arrest, intentional interference with a contractual relationship, intentional interference with a potential contractual relationship, and constructive discharge.

The other defendants in the case are Thomas Bell, a former teacher at ALC; Gary

6

Sworen, detective for the Luzerne County District Attorney's Office; Edward Walsh, Chief of Police, Plains Police Department; Michael Ostrowski, Executive Director of the LIU, individually, and the LIU; Ron Musto, teacher at ALC; Sandra Ostrowski, secretary at ALC; Biagio Musto, Educational Consultant to the LIU; Art Pupa, Director of Special Education at LIU; the LIU Board of Directors, comprising the following individuals: Ernest Ashbridge, Brian Dunn, Randy Tomasacci, Moderno Rossi, Barbara Youngblood, Jack Shema, Robert J. Parry III, John Williams, Peter Halesey, and William Blachune.

All defendants moved for summary judgment on all counts. The District Court granted summary judgment to all defendants on the federal claims and declined to exercise jurisdiction over the related state law claims.

## II.

We review a grant of summary judgment *de novo*, applying the same test as the District Court. MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir. 2005). Summary judgment should be awarded when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All reasonable inferences must be made in favor of the nonmoving party, and the court may not weigh the evidence or assess credibility. Id. Viewing all of the evidence in this case in the light most favorable to Jerrytone, we conclude that the District Court properly granted summary judgment to all of the defendants because there are no issues of material fact that would allow a

7

reasonable jury to return a verdict for Jerrytone on any of his federal claims.  C.N. v.

Ridgewood Bd. of Educ., 430 F.3d 159, 173 (3d Cir. 2005).

We review the District Court's decision to decline to exercise supplemental

jurisdiction over Jerrytone's state law claims for abuse of discretion.  Queen City Pizza,

Inc. v. Domino's Pizza, Inc., 124 F.3d 430, 444 (3d Cir. 1997).

In order to state a claim under § 1983, a plaintiff must allege that his constitutional

rights were violated by someone acting under color of state law.  West v. Atkins, 487

U.S. 42, 48 (1988).  The District Court did not err in granting summary judgment to

defendant Bell because he is not a state actor, nor was he acting under color of state law.

Jerrytone alleged that Bell violated his constitutional rights by calling Detective Sworen

to speak to him about Jerrytone.  Because  Jerrytone produced no evidence that Bell had

conspired with state actors to deprive Jerrytone of his constitutional rights, the District

Court properly granted summary judgment to Bell.  See Dennis v. Sparks, 449 U.S. 24,

27–28 (1980).

The District Court also properly granted summary judgment to defendant Vough

on Jerrytone's First and Fourth Amendment claims.  Prosecutors enjoy absolute immunity

for the decision to initiate a prosecution or dismiss charges, Kulwicki v. Dawson, 969

F.2d 1454, 1463–1464 (3d Cir. 2003), for evaluation of evidence collected by

investigators, Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993), and for failure to

conduct adequate investigation before filing charges, Kulwicki, 969 F.2d at 1463–1464.

The District Court correctly concluded that Vough enjoyed absolute immunity for all of

8

the actions alleged by Jerrytone to have violated his constitutional rights. Jerrytone failed to present any evidence demonstrating that Vough was inappropriately involved in the investigation. Vough is also entitled to summary judgment on Jerrytone's defamation claim, which was based on unfavorable statements Vough made to the press after Jerrytone was acquitted of criminal charges. Jerrytone failed to allege any injury to liberty or property, a required component of an actionable defamation claim under § 1983. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Nor did Jerrytone meet his burden of proof to demonstrate that his constitutional rights were violated by Detective Sworen and Officer Walsh because the record demonstrates that they had probable cause to arrest him. The investigation of Jerrytone produced sufficient evidence, including statements from several witnesses alleging criminal acts on the part of Jerrytone and corroborating circumstantial evidence, for a finding of probable cause, even if he was later acquitted of the criminal charges. United States v. Cruz, 910 F.2d 1072, 1076 (3d Cir. 1990) (probable cause is satisfied if the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe that an offense has been committed). The District Court noted that Jerrytone put forth no evidence that the students fabricated the statements, nor that they were inaccurately recorded by the investigators. We agree with its conclusion that under these circumstances, no reasonable jury could find that Sworen and Walsh lacked probable cause to arrest Jerrytone. They were therefore entitled to summary judgment.

The District Court also granted summary judgment to Michael Ostrowski and the LIU Board of Directors on Jerrytone's due process claims under § 1983. These defendants' status as state actors is not in question. We agree with the District Court that Jerrytone failed to establish sufficient evidence to support a finding that they deprived him of a protected property or liberty interest without due process. See Mathews v. Eldridge, 424 U.S. 319, 332 (1976).

Due process does not require a fixed set of procedures in all circumstances. Rather, what process is due depends upon the private interest that is affected, the risk of erroneous deprivation under current procedures, and the probable value, if any, of additional procedural safeguards. These factors must be weighed against the government's interest in expediency and the burden of additional procedural safeguards. See Mathews, 424 U.S. at 334–335.

Given the minimal property interest involved, Jerrytone's due process rights were not violated when he was placed on paid suspension without a prior hearing after allegations of serious misconduct and criminal activity in his classroom arose from credible sources. Compare Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545–546 (1985) (stating that employers may avoid due process concerns in cases in which immediate suspension of an employee is necessary by placing that employee on paid, rather than unpaid, leave); Edwards v. Cal. Univ. of Penn., 156 F.3d 488, 492 (3d Cir. 1988) (placement of tenured professor on paid leave did not implicate due process concerns). As the District Court noted, "[t]he potential harm resulting from a

10

postponement in the removal of a teacher accused of misconduct in the classroom is simply intolerable."

Nor did Jerrytone produce sufficient evidence from which a jury could find that his due process rights were violated when LIU failed to provide him with a hearing prior to placing him on unpaid leave after criminal charges were filed against him. Because of the strength of the state's interests in protecting students and maintaining public confidence in the school system, it would have been "impractical to provide predeprivation process." Gilbert v. Homar, 520 U.S. 924, 930 (1997). Furthermore, an immediate hearing would have been redundant because a judge had carefully determined that there was probable cause for the criminal charges when the indictment was issued. See FDIC v. Mallen, 486 U.S. 230, 240 (1988) (due process did not require that indicted bank employee be given a presuspension hearing). In this case, due process would have been satisfied by a prompt postsuspension hearing, which was scheduled by LIU. Compare FDIC, 486 U.S. at 240 (postsuspension hearing was sufficient to satisfy due process where government's interest is important and there is substantial assurance that the deprivation is not baseless or unwarranted); Gilbert, 520 U.S. at 930 (postdeprivation process may satisfy due process when the state must act quickly or where it would be impractical to provide predeprivation process). It was Jerrytone who requested that this hearing be postponed pending resolution of his criminal charges.

When the hearing finally was to take place on September 25, 2001, Jerrytone did not appear. Instead, he tendered his resignation. He argues that his termination was

11

forced because if he had not resigned, he would have lost his teaching license. But there is no evidence that the outcome of the procedures available to him under Pennsylvania law was a foregone conclusion. Jerrytone was provided with proper notice of the charges against him and his right to a hearing and appeal under the law and the collective bargaining agreement. That the hearing was labeled a "Termination Hearing" does not mean that Jerrytone could not have been reinstated. Accordingly, Jerrytone has not met his burden to demonstrate that he would not have been provided with an impartial hearing. Nor did Jerrytone adduce any evidence that his resignation was procured by misrepresentation, duress, or coercion. See Leheny v. City of Pittsburgh, 183 F.3d 220, 227–228 (3d Cir. 1999) (resignations of public employees presumed voluntary). Accordingly, Jerrytone has failed to create any material issue of fact whether he was deprived of his right to due process. In addition, because Jerrytone had no substantive due process right to employment at a public school, the District Court did not err in dismissing his substantive due process claim. See Nicholas v. Penn. State Univ., 227 F.3d 133, 138 (3d Cir. 2000).

The District Court also granted summary judgment to defendants Ron Musto, Sandra Ostrowski, Art Pupa, and Biagio Musto on Jerrytone's § 1983 claims. Even assuming the truth of Jerrytone's allegations against these defendants, all of whom had subordinate roles at the ALC and LIU, there is no evidence that they violated, or conspired to violate, Jerrytone's constitutional rights with the various roles they played in the course of Jerrytone's suspension and eventual resignation. Accordingly, the District

12

Court did not err in granting summary judgment to these defendants.

Finally, the District Court did not abuse its discretion in dismissing Jerrytone's related state law claims without prejudice. 28 U.S.C. § 1367(c) provides that a District Court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. That is precisely what happened here because the District Court granted summary judgment to the defendants on all of Jerrytone's federal question claims. Accordingly, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims. United Mine Workers, 282 U.S. at 726.

## III.

For the foregoing reasons, the judgment of the District Court granting summary judgment to defendants Gary Sworen, Edward Walsh, Biagio Musto, Ron Musto, Michael Vough, Sandra Ostrowski, Michael Ostrowski, Art Pupa, the LIU and its Board of Directors, and Thomas Bell will be affirmed. Costs to be taxed against the appellant.

13